No. 26,508.

THE STATE OF KANSAS, ex rel. CHARLES B. GRIFFITH, as Attorney-general, *Plaintiff*, v. ROY BONE, as Bank Commissioner, et al., *Defendants*.

Original proceedings in mandamus. Opinion on *post*-opinion motion filed May 19, 1926. (For original opinion see 120 Kan. 620.)

*Charles B. Griffith*, attorney-general, *John G. Egan, William A. Smith*, assistant attorneys-general; and *Randal C. Harvey*, of Topeka, for the plaintiff.

*Bennett R. Wheeler, S. M. Brewster* and *John L. Hunt*, all of Topeka, for defendants the Osage County Bank, the Topeka State Bank and the State Exchange Bank of Mankato.

*R. R. Vermilion, Earle W. Evans, Joseph G. Carey* and *W. F. Lilleston*, all of Wichita, for defendants the State Savings and Mercantile Bank, the Southwest State Bank, the Peoples State Bank of Medicine Lodge, the Fidelity State Bank, and the Onaga State Bank.

*Kos Harris, V. Harris* and *M. P. Shearer*, all of Wichita, for defendant the Wichita State Bank.

*Clad Hamilton* and *Donald A. Campbell*, both of Topeka, for defendants the Fort Scott State Bank and the State Bank of Douglass.

*Robert Stone, George T. McDermott, Robert L. Webb* and *Beryl R. Johnson*, all of Topeka, for the Kansas State Bankers' Association, as *amici curiæ*.

The opinion of the court was delivered by

HARVEY, J.: In a *post*-opinion motion, plaintiff asks whether the liability, to the extent of its bonds or money pledged, of a member bank which withdraws from the guaranty act, or which liquidates its affairs, is measured, (1) by certificates actually issued on the bank depositors' guaranty fund at the date of such withdrawal or liquidation; or (2) by the liability of the bank depositors' guaranty fund to depositors of member banks, which had previously failed, whether or not certificates have been issued to such depositors?

---

Banks and Banking, 7 C. J. p. 485 n. 82.

When a member bank fails and is taken charge of by the bank commissioner, the statute (R. S. 9-204, Laws 1925, ch. 88) contemplates that certificates to depositors shall be issued "at the earliest moment" for the amount of their respective deposits, upon the bank depositors' guaranty fund. Naturally this cannot, in all cases, be done at once. Each claim for such a certificate requires investigation. Some may require litigation, with the result that several weeks or months may elapse after the date of the failure of the member bank before certificates are actually issued to all depositors of such bank. When issued, it is proper that they be issued as of date of the bank's failure (*Songer v. Bank Commissioner,* 114 Kan. 900, 903, 220 Pac. 1060). If, pending the issuance of such certificates, a member bank should withdraw (under second paragraph R. S. 9-205) or cease to be a member bank by liquidation (under R. S. 9-209), it is liable for assessments necessary to replenish the bank depositors' guaranty fund, to the extent of its bonds, or money, pledged for the payment of certificates drawn on that fund issued or issuable to depositors of member banks which had failed prior to the date such withdrawal, or liquidation, became effective, whether or not such certificates had been in fact issued.

In other words, in determining the question, the date of the actual issuance of the certificate is not material. But two dates are necessary to be considered—the date of the failure of the member bank, to the depositors of which certificates are later issued, and the date of withdrawal or liquidation of the bank whose bonds or money pledged are in question.