AHEARN, Respondent, v. SMITH, Superintendent of Banks, et al, Appellants.

(211 N. W. 448.)

(File Nos. 6262, 6269. Opinion filed December 31, 1926.)

1. **Banks and Banking—Bank Guaranty Law—Persons Depositing Liberty Bonds Worth Less Than Par and Receiving Certificate of Deposit for Par Value, Which Certificate Bore 5 Per Cent Interest, held "Depositors in Good Faith," Entitled to Share in Guaranty Fund (Rev. Code 1919, § 8977, Section 9020, as Amended by Laws 1921, c. 134, and Section 9014, as Amended by Laws 2d Sp. Sess. 1919-20, c. 32).**

    Where plaintiffs, depositing Liberty Bonds with bank, received certificate of deposit for par value of bonds, which certificate bore 5 per cent interest, they became "depositors in good faith," within the meaning of Rev. Code 1919, § 8977, and section 9020, as amended by Laws 1921, c. 134, entitled to share in guaranty fund, notwithstanding section 9014, as amended by Laws 2d Sp. Sess. 1919-29, c. 32, prohibiting payment of greater interest rate than 5 per cent, though Liberty Bonds were slightly below par.

2. **Evidence—Judicial Notice Would Be Taken that Open Market for Liberty Bonds Was in Financial Centers, Not in Small Town.**

    Court would take judicial notice that open market for Liberty Bonds is in financial centers of state, and that no such open market existed at Winfred.

3. **Appeal and Error—Sufficiency of evidence to Sustain Finding Cannot Be Raised by Appeal from Judgment Only.**

    Question as to sufficiency of evidence to sustain trial court's finding cannot be raised by appeal from judgment only.

4. Banks and Banking—Depositor, on Failure of Bank, held Entitled to Payment of Certificate of Deposit from Guaranty Fund or to Receive Certificate.

Plaintiff, on failure of bank, being entitled to be paid amount of certificate of deposit from guaranty fund, or, if fund was insufficient, then to receive certificate payable out of first money accruing to such fund, judgment directing superintendent of banks and fund commission to pay plaintiff would be modified, to give option to such officers to issue certificate of indebtedness of date when plaintiff first should have received it, or of paying it.

Note.—See, Headnote (1), American Key-Numbered Digest, Banks and banking, Key-No. 15, 7 C. J. Sec. 15 (Anno.); (2) Evidence, Key-No. 20(1), 23 C. J. Sec. 1810; (3) Appeal and error, Key-No. 864, 4 C. J. Sec. 2558; (4) Banks and banking, Key-No. 15, 7 C. J. Sec. 15 (Anno.).

Appeal from Circuit Court, Lake County; Hon. HERBERT B. RUDOLPH, Judge.

Action by T. J. Ahearn against F. R. Smith, Superintendent of Banks of the State of South Dakota, the Depositors' Guaranty Fund Commission, its members, and others. From a judgment directing Superintendent of Banks and Commission to pay plaintiff's claim, and from an order denying defendants' motion to modify the judgment, defendants named separately appeal. Judgment modified and affirmed.

*Buell F. Jones*, Attorney General, *Roy E. Willy*, Special Counsel Banking Department, of Platte, and *Null & Royhl*, of Huron, for Appellants.

*Cherry, Davenport & Braithwaite* and *Caldwell, Caldwell & Burns*, all of Sioux Falls, for Respondent.

GATES, P. J. The appeal No. 6264 is from a judgment directing the superintendent of bank and the depositors' guaranty fund commission to pay plaintiffs' claim as the holder of a certificate of deposit in the State Bank of Winfred out of the moneys in the guaranty fund. Appeal No. 6268 is from an order denying defendants' motion to modify the form of the judgment.

Upon the merits the sole question is whether the transaction between plaintiff and the Farmers' Savings Bank of Winfred, predecessor of the State Bank of Winfred, constituted a deposit

in good faith. The then superintendent allowed the claim as a general claim against the bank's assets, but rejected it as a claim against the guaranty fund upon the ground that plaintiff was not a depositor in good faith within the meaning of section 8977, Rev. Code 1919, and section 9020, Rev. Code 1919, as amended by chapter 134, Laws 1921. The trial court found:

"That the deposit hereinbefore set forth, which was made by the plaintiff in said Farmers' Savings Bank, was made in the following manner, to wit: That the plaintiff sold to said Farmers' Savings Bank, and said Farmers' Savings Bank purchased from the plaintiff, bonds of the United States government, which are commonly known as Liberty Bonds, at the par value of said Liberty Bonds, and credited the agreed purchase price of the said Liberty Bonds to the account of the plaintiff, issuing said certificate of deposit for said credit; that at said time, such Liberty Bonds were selling on the open market at slightly less than their par value; and that the transaction between the plaintiff and the defendant Farmers' Savings Bank with reference to the sale of said Liberty Bonds to said bank, was in good faith."

[1] The certificate of deposit bore 5 per cent interest and inasmuch as section 9014, Rev. Code 1919, as amended by chapter 32, Sp. Sess. 1920, prohibits the payment of a greater rate than 5 per cent, except as specified, it is argued that plaintiff was not a depositor in good faith, because to the extent that the Liberty Bonds were below par a rate of interest greater than 5 per cent. was allowed. Appellant cites McQuerry v. State, 50 N. D. 229, 195 N. W. 432; but in that case the transaction was not found to be in good faith. Here it was.

[2] The trial court found that Liberty Bonds were selling "on the open market" at slightly less than par. This court will take judicial notice that "open market" for Liberty Bonds is in the financial centers, and that no such "open market" existed at Winfred, S. D. No fact is found which would disclose that the cost to the bank of Liberty Bonds, if bought on the open market, plus brokerage and cost of insured transportation, would have amounted to less than the par value of the bonds.

[3] This being an appeal from the judgment only, and the trial court having found that the transaction was in good faith,

and the sufficiency of the evidence to sustain that finding not being a question that can be raised by an appeal from the judgment only, we think there is nothing in the record to impeach the trial court's conclusion that respondent was a depositor in good faith.

[4]     Therefore, when the State Bank of Winfred failed and came into the hands of the superintendent of banks on May 27, 1922, respondent was entitled to be paid the amount of his claim out of the guaranty fund, or, if there were not sufficient funds, then to a certificate, payable March 1, 1923, out of the first money accruing to the guaranty fund ratably with other creditors of the same class.   Rev. Code 1919, § 9020, as amended by chapter 134, Laws 1921; State ex rel Discoll v. Smith, 49 S. D. 106; 206 N. W. 233.

The judgment in this case directed the payment of the money and did not give the option to appellants of issuing the certificate of indebtedness.   For that reason, and for the claimed reason that the certificate of indebtedness should be issued as of the date of the judgment (viz., November 30, 1925), and payable March 1, 1926, the appellants urge the modification of the judgment.   It is not equitable to require respondent to accept a certificate of indebtedness payable March 1, 1926.   Under the record he should have been paid in 1922, or should have received a certificate of indebtedness payable March 1, 1923.   State ex rel Griffith v. Bone, 121 Kan. 151, 246 P. 180.

The judgment will be modified, so as to give appellants the option of paying it or of issuing a certificate of indebtedness against the guaranty fund nunc pro tunc as of May 27, 1922, payable March 1, 1923. As so modified, the judgment will be affirmed. No costs will be taxed in this court.

Appeals Nos. 6262 and 6266, B. C. Ahearn v. Smith; appeals Nos. 6263 and 6267, B. C. Ahearn v. Smith; and appeals Nos. 6265 and 6269, A. M. Ahearn v. Smith—will be governed by this decision.

SHERWOOD, J., not sitting.