LYTLE, Respondent, v. SMITH, Superintendent of Banks, et al, Appellants.

(211 N. W. 450.)

(File Nos. 6259, 6260.   Opinion filed December 31, 1926.)

**Courts—Venue—Irregularity in Assuming Jurisdiction of Cause, Whose Proper Venue Was in Another County of Same Circuit, Did Not Deprive Court of Jurisdiction (Const., Art. 5, §§ 15, 17).**

> Assumption of jurisdiction by circuit court for one county of cause involving failed bank, whose proper venue was in another county of same judicial circuit, while irregular, did not deprive court of jurisdiction, in view of Const., art. 5, §§ 15, 17, where both counties were in the same judicial circuit.

Note.—See, Headnote, American Key-Numbered Digest, Courts, Key-No. 12(1), 15 C. J. Sec. 119 (Anno.).

Appeal from Circuit Court, Minnehaha County; Hon. Herbert B. Rudolph, Judge.

Action by C. F. Lytle against F. R. Smith, Superintendent of Banks of the State of South Dakota, the Depositors' Guaranty Fund Commission, its members, and another. From a judgment directing the Superintendent of Banks and the Fund Commission to pay plaintiff's claim as holder of a certificate of deposit, and from an order denying defendant's motion to modify the judgment, the defendants named separately appeal. Judgment modified and affirmed.

*Buell F. Jones,* Attorney General, *Roy E. Willy,* Special Counsel Banking Department, of Platte, and *Null & Royhl,* of Huron, for Appellants.

*Cherry, Davenport & Braithwaite,* of Sioux Falls, for Respondent.

GATES, P. J.   Appeal No. 6259 is from a judgment directing the superintendent of banks and the depositors' guaranty fund commission to pay plaintiffs' claim as a holder of a certificate of deposit in the State Bank of Winfred out of the moneys in the guaranty fund. Appeal No. 6260 is from an order denying defendants' motion to modify the form of the judgment. No question is presented in the brief as to the propriety of the holding of the trial court that plaintiff was a depositor in good faith.

Upon the question of the modification of the form of the judgment the same points are raised as in Ahearn v. Smith, 50 S. D. 633, 211 N. W. 448, the opinion in which is handed down herewith an'l such decision will govern this in that respect.

The only other point raised upon this appeal is the matter of venue. The action was brought and tried in the circuit court of Minnehaha county, while the place of business of the State Bank of Winfred was in Lake county. It is therefore urged that pursuant to our decision in Dockstader v. Hirning, 50 S. D. 264, 209 N. W. 542, the trial court was without jurisdiction. Since appellants' brief was filed there have been two further decisions upon the subject, viz: Spratt v. Citizens' State Bank, 50 S. D. 472, 210 N. W. 676, and Wasson v. Hirning, 50 S. D. 482, 210 N. W. 725. In all of these cases the county of the bank's domicile was in a different judicial circuit from the county in which the venue of the action was laid. Here both Lake county and Minnehaha county are in the same judicial circuit.

Appellants' theory seems to be that there is a separate circuit court for each county. Such is not the case. There is a different circuit court for each judicial circuit and each circuit includes several counties. Section 15, art. 5, of the Constitution says:

"The state shall be divided into judicial circuits, in each of which there shall be elected by the electors thereof one judge of the circuit court therein."

Section 17 of said article 5, says:

"The Legislature may * * * increase the number of judicial circuits and the judges thereof."

It is clearly the circuit court of the circuit that is the constitutional entity, not the circuit court of the county.

The objection to the jurisdiction of the court was not raised below and appears for the first time in this court. We think the assumption of jurisdiction by the circuit court of the Second judicial circuit within and for Minnehaha county of a cause whose proper venue was in Lake county was an irregularity, but not without jurisdiction. If the objection had been timely raised, the trial court should have transferred the cause to Lake county, because orderly procedure requires that the court records of a county should contain full and complete information as to court transactions concerning the failed banks of that county.

The judgment will be modified, as in Ahearn v. Smith, supra, and, as so modified, it will be affirmed.   No costs will be taxed in this court.

SHERWOOD, J., not sitting.