MARIA COCO, PROSECUTOR, v. HANNAH EMSON WILBUR, RESPONDENT.

Argued October 6, 1927—Decided February 29, 1928.

Before Justices Trenchard, Kalisch and Katzenbach.

For the prosecutor, *Harvey T. Satterthwaite.*

For the respondent, *Aaron V. Dawes.*

The opinion of the court was delivered by

Katzenbach, J. This case is before this court on a writ of *certiorari.* The writ was directed to the Mercer County Court of Common Pleas. It brings up the record in a compensation case. The prosecutor is Maria Coco, widow of Sebastiano Coco. The testimony discloses that Sebastiano Coco was employed in the early part of September, 1924, by one Joe Albin, to pick cranberries on bogs in the county of Ocean belonging to the respondent Hannah Emson Wilbur. Mrs. Wilbur was to pay sixty cents a bushel for picking the cranberries. Fifty cents of this amount per bushel went to the pickers. Albin was paid ten cents per bushed for supplying the pickers. The pickers were permitted to live in camps with their families located on the land of Mrs. Wilbur. She supplied straw for the beds but no food. The work of picking cranberries was to commence on Monday, September 8th, 1924. On Saturday, September 6th, Sebastiano Coco arrived. He prepared a camp near the bogs of the respondent. About three p. m. on September 6th Coco was found fatally shot near a toilet located a short distance from the camp. There is no evidence as to how Coco met his death. There is evidence that the toilet had been earlier in the day used as a target by persons who were practicing shooting. It is suggested that as the woods about the camp had game in them that Coco may have been shot by a hunter. It was not, however, the season for shooting game, and there is no evidence that there were any gunners in the vicinity of the place where the accident occurred.

The prosecutor, the widow, filed a petition with the workmen's compensation bureau for compensation under the Workmen's Compensation act. At the conclusion of the tes-

timony the workmen's compensation bureau awarded compensation upon the theory that the accident arose out of and in the course of decedent's employment. An appeal was then taken to the Mercer County Court of Common Pleas. This court held that the accident did not arise out of the employment, as it was not a risk which might have been contemplated by a reasonable person when entering the employment as incidental to the employment. The Mercer County Court of Common Pleas entered a judgment reversing the award made by the workmen's compensation bureau. The prosecutor then obtained the writ of *certiorari* under which the case is before us. In arriving at his decision the judge of the said Court of Common Pleas found that the locality where the accident occurred was not a zone of danger, and the shooting was not a risk incidental to the employment of one to be contemplated. The conclusion of the said judge upon the facts is binding upon this court.

We feel that the judgment below can be safely rested upon the finding made by the learned judge of the Court of Common Pleas that the accident did not arise out of the employment. But we also feel that the evidence shows that the accident did not arise in the course of the employment of Coco. The deceased at the time he was shot was performing no services for Mrs. Wilbur. The services for which he had been hired were to commence two days later. The situation is no different, as we view it, from the case of one living in San Francisco and entering into a contract to work for one engaged in business in the city of Trenton, by which the employe is to enter the service of his employer on a certain date. In order to enter the employment the man from San Francisco comes to Trenton and before the day of the contract of employment is to commence he is accidentally shot. Can it be said that such an accident occurred in the course of the employment? We think not, for the reason that the period of employment had not as yet commenced. The deceased in the instant case was in the same position as one who receives injuries when going to his place of employment. A case in point is that of *Whitbread* v. *Arnold*, 99 *L. T. R.* 103. The facts shown by this

case were that a man entered into a contract with a farmer to serve as a shepherd as from October 22d, 1907. It was part of the contract that the farmer should send a wagon to the home of the shepherd to bring him and his family and their goods to their new home. While proceeding to their new home in this wagon, and about a distance of forty yards from the cottage to be occupied, the wagon was suddenly jerked. The shepherd was thrown out and received fatal injuries. It was held that the death of the shepherd did not arise out of or in the course of employment, as his employment had not commenced.

The case of *Lauterbach* v. *Jarett*, 189 *N. Y. App. Div.* 303, is also in point. The employe in this case was a janitress of a building. As compensation for her services she was given $5 a month, the free use of her apartment, and gas for the same. One morning while she was about to sit down to her kitchen table to eat her breakfast plaster fell from the kitchen ceiling striking her and causing injuries for which an award was made on the theory that the accident arose out of and in the course of the employment. The appellate court held that the case was no different from what it would have been if the claimant had occupied an apartment in another building and the accident had occurred there. In no proper sense could it be said that she was janitress of her own apartment, because it happened to be in the building of which she was janitress. In her own apartment she presided over the household affairs and was serving, not her employer, but herself and her family. At the time of the accident she was doing nothing for her employer nor anything incidental thereto. Her duty to her employer did not require her presence in her own apartment. What she was doing was personal to herself. It was disassociated with the work of her employer. She was in the building in a dual capacity. Her family domicil was in one of the apartments. Her personal relations to her family were separate and distinct from her relations to her employer. Compensation was denied.

New York State furnishes another case to the same effect, *Pierdiluca* v. *Benedetto*, 210 *N. Y. App. Div.* 441. In this case the plaintiff and his fellow-laborer had quit work at nine

o'clock in the morning on account of rain and had gone to their homes. An hour later the weather cleared and the employer, being desirous of hastening the work, drove his automobile to plaintiff's house and requested him to come back to the job and resume work. Plaintiff consented and entered the automobile. The employer proceeded to pick up another laborer. While on this errand, before the home of the second laborer was reached, the automobile collided with another car and plaintiff received injuries. The court said, "We think the learned court was right in holding as a matter of law that plaintiff's injuries did not arise out of or in the course of his employment."

In our own state the case of *Colucci* v. *Edison Portland Cement Co.*, 94 *N. J. L.* 542, sustains the view we hold. In this case an employe left his work and place of employment during working hours and went to sleep. An assistant foreman, in order to furnish some amusement for himself and other employes, threw a brick at the sleeping man which hit hiim in the stomach and killed him. The Court of Errors and Appeals held that the accident did not arise during the course of his employment. Other cases could be cited to the same effect. We think, however, that the cases to which we have referred are sufficient.

In the present case we consider that the deceased was not at the time of the accident in the employ of the respondent; that he was performing no work for the respondent; that the accident did not occur at the cranberry bogs where the deceased was engaged to work; that the accident did occur while he was engaged in his own pursuits, and that the accident was of such a nature that it could not be deemed to have been contemplated by a reasonable person as incidental to the employment had it occurred in the course of the employment. It neither arose out of nor in the course of the employment.

For these reasons the judgment of the Mercer County Court of Common Pleas is affirmed, with costs.