HILLMAN, Plaintiff, v. RUDEN, Superintendent of Banks, et al, Defendants.

(244 N. W. 779.)

(File No. 7417.   Opinion filed October 15, 1932.)

*Lynch, Doyle & Mahoney,* and *Roy E. Willy,* all of Sioux Falls, for Plaintiff.

*Sutherland, Payne & Linstad,* of Pierre, for Defendants.

CAMPBELL, P. J.   This matter is pending before us as an original proceeding upon application for a peremptory writ of mandamus, and is similar in some respects to the case of Ruden v. Ruden, 60 S. D. 447, 244 N. W. 775, wherein opinion was this day filed.   In this case also plaintiff is a claimant against the guaranty fund by virtue of a judgment of the circuit court, which judgment has become final, and which plaintiff now seeks to have enforced by mandate of this court.

Material facts may be summarized as follows:   Plaintiff was a depositor in the Farmers' Savings Bank of Winfred and also in the State Bank of Winfred.   Thereafter the two banks merged or consolidated with the consent and approval of the superintendent of banks, and the State Bank of Winfred assumed all deposit liability of the Farmers' Savings Bank of Winfred.   The consolida- .

tion continued in business under the name of State Bank of Winfred. Thereafter, and on May 27, 1922, the State Bank of Winfred closed for liquidation. Plaintiff filed his claims as a depositor with the superintendent of banks, and the claims were rejected. Thereafter plaintiff instituted two actions in the circuit court to establish his rights against the guaranty fund as a deposit creditor of the failed State Bank of Winfred, one suit being based upon the deposit which originated as a depositor in the Farmers' Savings Bank, and the other upon the deposit which originated as a depositor in the State Bank of Winfred. As a result thereof, plaintiff, on May 2, 1930, secured two judgments in the circuit court in and for Lake county, one for $3726.08, plus interest from May 28, 1922, and one for $4243.88, plus interest from May 28, 1922, each judgment establishing plaintiff's claim against the guaranty fund as of May 28, 1922, and each judgment specifically directing that the guaranty fund commission immediately pay the full amount thereof together with 5 per cent interest "out of any money in the depositors' guaranty fund of the State of South Dakota at the time of the suspension of the said State Bank of Winfred, South Dakota, or which has accrued to said fund since the suspension of the said State Bank of Winfred, South Dakota." Payment not having been made, plaintiff instituted the present proceeding to compel it.

Here, as in Ruden v. Ruden, defendants set up as against plaintiff's demand for payment pursuant to the mandate of the circuit court judgment the rights and interests of other claimants against the fund.

It is admitted that by the valid and final adjudication of the circuit court it has been determined that plaintiff was in fact a depositor of the State Bank of Winfred, and that his deposit claim ought to have been recognized and paid out of the guaranty fund at the time of the failure of said bank. It is admitted that all other valid claims of depositors of the State Bank of Winfred have been paid in full. It is admitted that valid deposit claims arising out of the failure of at least six state banks which failed subsequently to the State Bank of Winfred have been paid in full. It must be admitted that, if plaintiff had received what it has now been adjudicated beyond possibility of question that he should have

received, he, too, would have been paid the full amount of his deposit, and it is not the fault of plaintiff that he was not so paid.

In the last analysis, the same question is presented here that was presented in Ruden v. Ruden, namely, whether or not the plaintiff, under all the facts and circumstances of this case, is entitled to priority of payment out of the guaranty fund as against other claimants.

We are of the opinion that the fact distinction as to the nature and origin of the claim which permitted and required the allowance of priority to the plaintiff in Ruden v. Ruden is lacking in this case. Plaintiff in the instant case is a claimant against the fund belonging to the same class as other claimants. He has never contributed anything to the fund in the way of money or property any more than have the other bank depositor claimants. His claim originated solely because of the existence of the statute and the fact that he happened to be a depositor in a state bank. It is true that other depositors in the same bank have been paid and that plaintiff ought to have been paid at the same time. It is not plaintiff's fault that his right was not recognized as it should have been, but it is his misfortune. As pointed out by this court in State ex rel Sharpe v. Smith, 58 S. D. 22, 234 N. W. 764, it was the intent of the Legislature by chapter 100, Laws 1925 (and within the legislative power), upon the recognized insolvency of the guaranty fund to do away with any priorities between claimants against such fund whose claims originated by reason of having been depositors in state banks and which had not yet been paid without regard to the date of the origin of their claims or the due dates of their certificates. Plaintiff is in the unfortunate position of being a claimant against this fund in the same class as other claimants whose claim was not recognized or established until after the hopeless insolvency of the fund. We cannot see how it is material that, if his claim had been earlier established, it would have been paid. The fact remains that it was not earlier established. Under those circumstances, there is nothing that could entitle plaintiff to priority over other claimants of the same class, that is, whose claims originated in the same manner, unless plaintiff could establish some sort of a lien, or unless he could follow into the fund some particular money which ought to have been

paid to him and was not, and to that extent establish a preference upon a theory of trust. This plaintiff has not been able to do.

Plaintiff urges upon our attention Ahearn v. Smith, 50 S. D. 633, 211 N. W. 448, wherein we held that a depositor of the State Bank of Winfred whose claim was rejected by the superintendent of banks and who established his claim by circuit court judgment November 30, 1925, was entitled to have his judgment provide in the alternative either for payment of his claim or for the issuance to him of a certificate dated as of May 27, 1922, when the bank failed, and payable March 1, 1923. We did so hold in that case, but we do not see how that decision can avail the plaintiff at the present time. The original Bank Guaranty Law contemplated that payment should be made to depositors in the order of bank failures, and, in the event of insufficient money in the guaranty fund to pay in cash, that certificates should be issued in like order with corresponding maturities. We recognized that right in the Ahearn Case and decided accordingly. Chapter 100, Laws 1925, had not then been construed or its validity determined by this court, and the question of whether the right to have a certificate maturing March 1, 1923, instead of March 1, 1926, was a right of any practical value had not been adjudicated by this court and was not determined in that case. As the situation later developed, it is now apparent that the right to have a certificate of earlier maturity date is of little, if any, practical value and is not sufficient to secure priority of payment since the breakdown of the law in operation and the hopeless insolvency of the fund. State ex rel Sharpe v. Smith, supra. The present plaintiff is just as much entitled to a certificate with a maturity date of March 1, 1923, as was Ahearn, but, as has been subsequently demonstrated, Ahearn did not thereby acquire, nor can this plaintiff thereby acquire, a right to priority of payment as against other certificate holders, regardless of dates of issue or dates of maturity. State ex rel Sharpe v. Smith, supra.

Plaintiff is entitled to a certificate against the fund as adjudged by the circuit court and to prorate accordingly with other bank depositor claimants in the distribution of the fund, but we can discover no justification for ordering prior or preferential payment to him in view of the rights of other claimants similarly originating, the judgment of the circuit court notwithstanding.

The judgment of this court will be that the peremptory writ be denied and this proceeding dismissed without costs.

All the Judges concur.