[No. 20916. Department Two. February 1, 1928.]

ED WABNEC, *Appellant*, v. CLEMONS LOGGING COMPANY, *Respondent*.[1]

[1] MASTER AND SERVANT (2, 143-1)—EMPLOYMENT—EVIDENCE—SUFFICIENCY. Under Rem. Comp. Stat., § 7675, defining an employee as one who has contracted to engage in extrahazardous work, a logger is an employee within the workmen's compensation act, where, at the office of a logging company, he signed an acceptance of a written contract specifying his wage and obligations, and thereupon took his place on board of one of his employer's trains, and was injured on the way to the camp before he had actually performed any services.

Appeal from a judgment of the superior court for Grays Harbor county, Campbell, J., entered April 19, 1927, dismissing an action for personal injuries at the close of plaintiff's evidence, upon sustaining a motion for nonsuit. Affirmed.

*John F. Dore*, and *F. C. Reagan*, for appellant.

*W. H. Abel*, for respondent.

MACKINTOSH, C. J.—The appellant on November 12, 1925, appeared at the office of the respondent at Melbourne, Washington, having in his possession a ticket which he had obtained at a Seattle employment office and which he surrendered to the respondent when the following contract was entered into:

[1]Reported in 263 Pac. 592.

"Clemons Logging Company
"Camp No. 4.        Melbourne, Wash., Nov. 12, 1925
"Foreman:

"Ed Wabnec has applied for work as Faller at wages 25 to 35c per M. This applicant in accepting employment agrees to pay board at the rate of $10.50 per week; hospital fee 75 cents per month, or fraction of month, 'First Aid' fund of 2c per day. For Company bedding, which he is required to use, he agrees to pay a rental of 25c per night or $1.00 per week. Applicant's acceptance of this work is with the assurance that he is fully qualified to fill the position, otherwise he will be discharged.

"Board $8.40 Per Week

"Applicant agrees when leaving our employ that he will get time slip from his Foreman, presenting same first to Commissary for O. K. whether or not he has an account there, and then presenting to office at Melbourne for payment.

"First Aid 2½c Per Day
"Clemons Logging Company
"By

"Accepted:
"(Signed) Ed Wabnec

"Tools Are Charged To You.
"You Will Receive Credit
"Only Upon Return, Natural
"Wear And Tear—"

After signing this contract, the appellant took his place aboard one of the respondent's trains which was on the way to the respondent's camp where work was in progress. During the trip a collision occurred, as a result of which the appellant was injured, and for the damages consequent thereto he began this action.

The trial court, at the conclusion of the appellant's testimony, which showed the foregoing facts, granted a motion for nonsuit, and from the judgment based thereon this appeal is prosecuted.

[1] The only question arising is whether the appellant was an employee of the respondent at the time

of the injury. This question seems to be answered by the language of this court in the case of *Brewer v. Department of Labor and Industries,* 143 Wash. 49, 254 Pac. 831, where we held that, there not being a contract of employment between the plaintiff and the defendant, the plaintiff had not yet become an employee, and where it was said:

"Whether Brewer was an employee, depends upon whether there was a complete and final contract of employment before he left Seattle. To constitute such a contract, it would have been necessary for the Hobi Logging Company to have bound itself unreservedly, either by word or act, to accept and pay for the services of Brewer and he must have bound himself unreservedly, either by word or act, to perform the labor required. . . .

" 'The relation of employer and employee is contractual. Like every other contractual relation, it is the product of the meeting of the minds.' . . .

" 'To create the relation of employer and employee there must be an express contract, or such acts as will show unequivocally that the parties recognize one another as master and servant. 18 R. C. L. 493.' "

The claim that the appellant was not yet an employee because he had not yet performed any service for the respondent must be answered by the fact that under the workmen's compensation act (Rem. Comp. Stat., § 7675) [P. C. § 3470], it is provided that an employee is one who has contracted to engage in extrahazardous work. The contract therefore establishes the relationship between the parties, and not the fact whether work has actually been commenced and the employee's name placed on the payroll and he has already become entitled to wages. The appellant in this case was injured while in the course of his employment and incidental thereto, for it was necessary for him to be riding on the respondent's train on his way to work,

and it is often held under similar circumstances, where the employer has furnished the means of transportation to the place of work and either before or after the work has actually commenced the employee is injured, that that injury arises out of and in the course of his employment.

The facts in this case are as strong as, indeed, stronger in favor of the relationship of employer and employee existing, than those found in the case of *Bristow v. Department of Labor and Industries,* 139 Wash. 247, 246 Pac. 573. See, also, *Horton v. Oregon-Washington R. & Nav. Co.,* 72 Wash. 503, 130 Pac. 897, 47 L. R. A. (N. S.) 8, and 39 C. J. 273.

The right which the appellant had to be on the train arose out of the fact that he was an employee, his injuries occurred while on the premises of his employer, and under such circumstances the workmen's compensation act must apply.

The trial court was therefore correct and its judgment is affirmed.

HOLCOMB, MAIN, ASKREN, and FULLERTON, JJ., concur.