[No. 25842. Department Two. January 7, 1936.]

WILLIAM VENHO, *Appellant*, v. OSTRANDER RAILWAY & TIMBER COMPANY *et al.*, *Respondents*.[1]

*E. H. Kohlhase* and *Arthur I. Moulton,* for appellant.

*Roy E. Bigham* and *Ronald Moore,* for respondent Ostrander Railway & Timber Company.

*Ralph S. Pierce, Charles H. Paul,* and *Joseph T. Woods,* for respondent Weyerhaeuser Timber Company.

BLAKE, J.—Plaintiff brought this action to recover damages for personal injuries resulting from a collision of two logging trains. The defendants operated logging trains, independently, over the same line of track extending from Ostrander back into the hills to the east.

At the time of the collision, plaintiff was riding on one of the trains of the Ostrander Railway & Timber Company. For about two weeks prior thereto, he had

[1]Reported in 52 P. (2d) 1267.

been employed in the woods by that company as a "faller," but had ceased to work as such the evening before the accident and, at the time he was injured, was on his way out from the camp to Ostrander. He alleged in his complaint that it was the custom of logging companies (and of Ostrander Railway & Timber Company in particular) to transport employees on their logging trains to and from their camps.

Defendant Ostrander Railway & Timber Company admitted that it was accustomed so to do. It pleaded affirmatively that plaintiff was injured "in the course of his employment," and that he was entitled to relief under the workmen's compensation act.

The cause was tried to a jury, and the general and particular custom of carrying workmen on logging trains was proven. Plaintiff also testified that the only way to get into and out of the camp was by logging train.

The jury returned a verdict for plaintiff. Defendants interposed motions for judgment notwithstanding the verdict. The court granted the motions and entered judgment dismissing the action. Plaintiff appeals.

The sole question is: Was plaintiff, at the time of his injuries, "in the course of his employment," in contemplation of the workmen's compensation act?

It is the general rule (to which this court adheres) that a workman injured going to or from the place of work is not "in the course of his employment." There is an exception, however, as well established as the rule itself. The exception, which is supported by overwhelming authority, is this: When a workman is so injured while being transported in a vehicle furnished by his employer as an incident of the employment, he is within "the course of his employment," as contemplated by the act. In other words,

when the vehicle is supplied by the employer for the mutual benefit of himself and the workman to facilitate the progress of the work, the employment begins when the workman enters the vehicle and ends when he leaves it on the termination of his labor.

This exception to the rule may arise either as the result of custom or contract, express or implied. It may be implied from the nature and circumstances of the employment and the custom of the employer to furnish transportation. *Rader v. Keeler,* 129 Cal. App. 114, 18 P. (2d) 360; *Sylcox v. National Lead Co.,* 225 Mo. App. 543, 38 S. W. (2d) 497; *Swanson v. Latham,* 92 Conn. 87, 101 Atl. 492; *Flanagan v. Webster & Webster,* 107 Conn. 502, 142 Atl. 201; *Jett v. Turner,* 215 Ala. 352, 110 So. 702; *Zietlow v. Vickers,* 94 Ind. App. 455, 181 N. E. 376; *DeCamp v. Youngstown Municipal R. Co.,* 110 Ohio St. 376, 144 N. E. 128; *Donovan's Case,* 217 Mass. 76, 104 N. E. 431, Ann. Cas. 1915C, 778; *Beers' Case,* 125 Me. 1, 130 Atl. 350; *Phifer's Dependents v. Foremost Dairy,* 200 N. C. 65, 156 S. E. 147; *Alberta Contracting Corp. v. Santomassimo,* 107 N. J. L. 7, 150 Atl. 830; *Van Gee v. Korts,* 252 N. Y. 241, 169 N. E. 370; *Onisk v. Knaust Bros.,* 232 N. Y. S. 541 (affirmed 250 N. Y. 569, 166 N. E. 327); *Campagna v. Ziskind,* 287 Pa. 403, 135 Atl. 124; *Taylor v. Gulf Refining Co.,* 11 La. App. 270, 122 So. 162; *Harrison v. Central Construction Co.,* 135 Md. 170, 108 Atl. 874; *Watts v. Continental Casualty Co.,* 18 S. W. (2d) (Tex App.) 591; *Scott v. Willis,* 150 Va. 260, 142 S. E. 400; *Hackley-Phelps-Bonnell Co. v. Industrial Commission,* 165 Wis. 586, 162 N. W. 921.

Our own case of *Wabnec v. Clemons Logging Co.,* 146 Wash. 469, 263 Pac. 592, in principle is in line with these authorities, and has little in point of fact to distinguish it from the case at bar. In that case, as in

this, the workman procured a ticket from an employment agency, designating the employer, the place of work and terms of employment. He boarded one of the employer's trains going to the logging camp. It was contended that the case fell within the rule of *Brewer v. Department of Labor & Industries,* 143 Wash. 49, 254 Pac. 831. But the court, distinguishing that case, said:

"The claim that the appellant was not yet an employee because he had not yet performed any service for the respondent must be answered by the fact that under the workmen's compensation act (Rem. Comp. Stat., § 7675) [P. C. § 3470], it is provided that an employee is one who has contracted to engage in extrahazardous work. The contract therefore establishes the relationship between the parties, and not the fact whether work has actually been commenced and the employee's name placed on the payroll and he has already become entitled to wages. The appellant in this case was injured while in the course of his employment and incidental thereto, for it was necessary for him to be riding on the respondent's train on his way to work, and it is often held under similar circumstances, where the employer has furnished the means of transportation to the place of work and either before or after the work has actually commenced the employee is injured, that that injury arises out of and in the course of his employment."

It is contended that the *Wabnec* case has lost its force as authority by reason of the stricture put upon it in *Hama Hama Logging Co. v. Department of Labor & Industries,* 157 Wash. 96, 288 Pac. 655. What was said in that case, however, was by way of distinguishing it from the *Wabnec* case. The latter was not overruled. In fact, the *Hama Hama* case recognizes the principle stated in the above quotation from the *Wabnec* case. The *Hama Hama* case simply holds that a

workman who is using, for his own ends, a vehicle supplied by the employer is not in the course of his employment. It in no wise trenches on the principle of the cases we have cited, holding that a workman is in the course of his employment when riding in a vehicle furnished by the employer pursuant to, and as a necessary incident of, the contract of employment. On the contrary, the distinction is made plain in the *Hama Hama* case itself and reinforced by the case of *Hobson v. Department of Labor & Industries,* 176 Wash. 23, 27 P. (2d) 1091.

Since it appears from the evidence that transportation on its logging trains was furnished by Ostrander Railway & Timber Company to appellant as a necessary incident to the contract of employment, the judgment will be affirmed.

BEALS, MAIN, MITCHELL, and HOLCOMB, JJ., concur.