[No. 29597. Department One. July 31, 1945.]

NOAH PEARSON *et al., Appellants,* v. ALUMINUM COMPANY OF AMERICA, *Respondent.*[1]

[1]Reported in 161 P. (2d) 169.

*McMullen & Snider,* for appellants.

*Schaefer & Hall (James Arthur Powers,* of counsel), for respondent.

JEFFERS, J.—On or about April 6, 1944, eight actions were instituted against Aluminum Company of America, in the superior court for Clark county, for the purpose of recovering damages against defendant for injuries claimed to have been sustained by the several plaintiffs resulting from the negligence of the operator of a bus owned by defendant, in which plaintiffs were riding. The names of the respective plaintiffs, together with the superior court numbers of the cases, are as follows: Noah Pearson, No. 20277; Roy H. Sutton, No. 20278; Rudolph Haltiner, No. 20279; George L. Dickerson, No. 20280; Emil Abegglen, No. 20281; Walter L. Overton, No. 20282; Ralph C. Wilson, No. 20465; Dan Waring, No. 20466. The cases were, by stipulation of the parties and on order of the court, joined for the purpose of trial.

In view of the fact that judgment was entered in favor of defendant in each case on the pleadings as amended by oral stipulations, we deem it necessary to set out the pleadings quite fully. We take as typical of all the cases the pleadings, orders, and judgment filed in the Pearson case, No. 20277.

The complaint alleged as follows:

Paragraph 1. That the defendant is a corporation authorized to do and doing business under the laws of the state of Washington.

Paragraph 2. That on or about January 5, 1944, defendant was the owner of a Chevrolet bus, being used by the company in the transportation of passengers to and from Ridgefield and other points in Clark county.

Paragraph 3. *That on the morning of January 5, 1944, plaintiff was a passenger riding in such bus and being transported from the town of Ridgefield to the plant owned and operated by defendant, located near Vancouver, Washington.*

Paragraph 4. That the bus was proceeding toward Vancouver in a southerly direction over a public highway known as the Vancouver-Sara highway; that a short distance south of Sara store the highway makes a turn to the left; that the operator of the bus drove the same off the highway and into a ditch, as a result of which the bus overturned; that at and immediately prior to the time of the accident, the bus was being operated in a grossly careless, negligent, and unlawful manner in the following particulars: (Then follow the claimed acts of negligence on the part of the operator of the bus.)

Paragraphs 5, 6, 7, and 8 set forth the injuries claimed to have been suffered by plaintiff, together with the expense incurred and loss of earnings suffered by plaintiff as the result of the accident.

Plaintiff asked for judgment against defendant in the sum of $2,995.

The Aluminum Company answered the complaint, denying, admitting, and alleging as follows: Admitted that it was the owner of a Chevrolet bus which was used to transport its employees from Ridgefield and vicinity to their work at defendant's plant near Vancouver; denied the other allegations of paragraph 2 of the complaint; denied that plaintiff was riding as a passenger in the bus, as alleged in paragraph 3 of the complaint; but admitted that he was being transported in defendant's bus on the date alleged from

and to the respective points alleged. The foregoing denials of the allegations of paragraphs 2 and 3 of the complaint only go to the status of plaintiff, that is, as to whether he was in fact a passenger in the legal sense, or a guest, or an employee and being transported as such.

Defendant denied the allegations of paragraph 4, except that it admitted that an accident occurred in the vicinity alleged, and that the bus overturned. Defendant denied the allegations of paragraphs 5, 6, 7, and 8, except it admitted that plaintiff sustained some injury, and that plaintiff was an employee of defendant and lost some time from his work.

As a first, further and separate answer and defense, defendant alleged:

Paragraph 1. That it is a corporation, engaged in the business of manufacturing aluminum near Vancouver, Washington; that it employs a large number of employees at its plant; that its plant is engaged in the manufacture of a critical war material; *that as an inducement to employees to work at its plant, defendant, as an incident to their employment, has furnished transportation to such employees as care to avail themselves of it, from points adjacent to their homes to the plant, and from the plant back to the points near their respective homes, on regularly scheduled trips from such points to the plant, and from the plant back again*; that defendant does not operate the bus referred to as a public carrier; that no one has ever paid or been charged any fare for being carried on the bus involved, nor on any other similar bus operated by defendant; that the purpose for which the bus is used is to transport employees to and from work on regularly established routes.

Paragraph 2. On and prior to January 5, 1944, plaintiff was employed by defendant, and worked for defendant at its plant, and as such employee, boarded defendant's bus at Ridgefield, along with other employees, to be transported to defendant's plant, where he was to perform his work that day; that, in riding in the bus, plaintiff followed the same procedure he had followed prior thereto in being transported by defendant to its plant, free of any charge or payment other than his work to be performed that day for defendant.

Paragraph 3. While the bus was proceeding from Ridgefield to defendant's plant, the operator, without fault on his part, met with an accident and the bus overturned, and if plaintiff was injured as alleged, his sole right to recover for any such injury or damage sustained is by proper application to the industrial insurance division of the department of labor and industries of the state of Washington; that the work in which plaintiff was engaged is considered hazardous, within the meaning of the workmen's compensation act of the state of Washington, and defendant and plaintiff were operating under and subject to the provisions of that law.

For a second, further, and separate answer and defense, defendant alleged: That on January 5, 1944, an accident occurred when one of its busses, in which plaintiff was riding, overturned at a point between Ridgefield and defendant's plant located near Vancouver; that plaintiff was riding in the bus without paying any fare to defendant for such transportation and solely by reason of his being an employee at defendant's plant; that the status of plaintiff in defendant's bus at the time and place of the accident was either that of guest or employee, and in either event he would have no basis for recovery herein.

Plaintiff replied to the first, further, and separate answer and defense, admitting or denying the allegations therein contained, and alleging as follows: Admitted paragraph 1, except plaintiff denied that portion thereof beginning with the word "that" on line 17 down to and including all of line 20, and that such transportation was an incident to plaintiff's employment. While we find no word "that" on line 17 of defendant's first affirmative defense, we do find on line 14 such word, and we assume plaintiff's denial goes to the following allegation beginning with the word "that" on line 14, and ending with line 20:

"That as an inducement to employees to work at its said plant, defendant, as an incident to their employment, has furnished transportation to such employees as care to avail themselves of it from points adjacent to their homes to the plant, and from the plant back to said points near their respective homes, and for this purpose defend-

ant operated a bus, among others, on regularly scheduled trips from such points . . ."

Plaintiff admitted that, on and prior to January 5, 1944, he was employed by defendant, and worked for defendant at its plant; denied the other allegations contained in paragraph 2 of the first affirmative defense.

Plaintiff denied all the allegations contained in paragraph 3 of the first affirmative defense. Plaintiff then alleged in paragraph 4 of his reply as follows:

"That prior to the above litigation *defendant did not regard* said employee as being under the workmen's compensation act of the state of Washington; that no report was made to the department of labor and industries covering said transportation or said hours and no remittance was made on account thereof." (Italics ours.)

Plaintiff admitted that on January 5, 1944, an accident occurred when one of defendant's busses, in which plaintiff was riding, overturned at a point between Ridgefield and the plant of defendant located near Vancouver; denied the other allegations contained in paragraph 1 of defendant's second affirmative defense.

Plaintiff then made the further and following allegations in his reply: That at all times material, defendant has been engaged in the processing of aluminum to be used in defense, war, and other activities; that, on and prior to the date of the accident, the demand for such produce greatly exceeded the supply thereof; that, at that time, there were many other war industries located in the vicinity of Vancouver; that the wage scale of such concerns was in excess of that being paid by defendant, and that the type of labor generally performed by defendant's employees was of a more strenuous nature than that of other employers in the vicinity; *that as a result thereof defendant had difficulty in procuring sufficient employees to operate its plant at maximum capacity; that as an inducement to secure plaintiff and other employees, defendant procured and was operating a great number of busses in Clark county, which were available to employees* and to others for the *transportation of workmen to defendant's plant* and in the

vicinity thereof; that such services were available to those residing adjacent to bus lines established, employed by such company, and to others residing in the community tributary to such bus lines; that there was no obligation on the part of plaintiff and other workmen to use such transportation, but the same was available to them as a facility in addition to others furnished by defendant; *that the providing of such transportation tended to equalize wages paid by defendant with those paid by other employers, and as a result thereof plaintiff and others accepted and continued employment with defendant rather than other employers.*

Defendant filed an amended motion to strike the following from paragraph 4 of the reply in each case:

"That prior to the above litigation defendant did not *regard* said employee as being under the workmen's compensation act of the state of Washington; that no report was made to the department of labor and industries covering said transportation or said hours and no remittance was made on account thereof." (Italics ours.)

This motion also asked that the following be stricken from the reply in the Dickerson case, No. 20280:

"As a further reply to defendant's answer, plaintiff alleges that subsequent to the said action said defendant, his agents or representatives, assumed liability for the accident which occurred and agreed to compensate."

The motion to strike from paragraph 4 of the reply in each case the paragraph above quoted was granted, as was the motion to strike the "further reply" in the Dickerson case.

On October 13, 1944, defendant moved for judgment upon the pleadings in each and all of the eight cases.

We shall set out the judgment in full, as it refers to oral stipulations made by counsel for the respective parties:

"The defendant having filed herein a motion for judgment on the pleadings, and the matter having regularly come on for hearing on Friday, October 13, 1944, at the hour of 9:30 a.m. upon the oral stipulation of the attorneys for the respective parties that the said motion could be heard at said time and place, the plaintiffs being repre-

sented by their attorney, Claude Snider, of McMullen & Snider of Vancouver, the defendant being represented by its attorneys, James Arthur Powers, of Portland, Oregon, and Louis Schaefer of Schaefer & Hall, Vancouver, Washington, and it being orally stipulated before the court by the respective attorneys for the parties *that the defendant is engaged in extra hazardous work within the meaning of the Washington state workmen's compensation act at the time of the accident* set forth in plaintiff's complaints, and that the *plaintiffs were employees of the defendant at the time of the accident and were engaged in extra hazardous work within the meaning of said compensation act;* and

"It further being stipulated between the parties orally in open court that said workmen at the time they were riding the bus and at the time of the accident were not being paid wages by the defendant during the period of time consumed in riding said bus; and

"It being further stipulated that the defendant had at all times material herein *filed due, proper and timely returns to the state industrial compensation department of the state of Washington on the said plaintiffs and each of them* except as hereinafter stated; that the said report was made on the basis of the actual hours of work by the said plaintiffs for the defendant, but that *no return or report was made by the defendant for the time consumed by the plaintiffs in traveling on the buses to and from work, and no compensation or contribution was made by the defendant to the state covering the period of time the plaintiffs were traveling to and from work on said buses of the defendant;* and the plaintiffs and the defendant having stipulated further in open court *that the buses of the defendant,* and particularly *the bus involved in this action, were being maintained and operated for the use and benefit of the employees as well as the employer;* and

"It further being stipulated and agreed by all of the parties that the pleadings of the respective parties could be considered as amended as incorporating therein the above stipulations and agreements,

"It is ordered, adjudged and decreed that the pleadings of the respective parties be and the same are hereby considered as amended to include therein the above stipulations and agreements;

"And the court having listened to the arguments of counsel and the motion for judgment on the pleadings, having taken the matter under consideration and advisement, and

being advised as to the law and the facts pleaded and agreed to,

"It is ordered, adjudged and decreed that the defendant's motion for judgment on the pleadings in each of the above entitled cases be and the same is hereby granted and allowed, and the plaintiffs' causes of action against the defendant be and the same are hereby dismissed with costs of the defendant." (Italics ours.)

By stipulation, all of the above-mentioned cases were joined and consolidated as one case for the purpose of this appeal. All of the above-named plaintiffs have appealed from the judgment, which was filed November 3, 1944.

Appellants state the trial court erred (1) in directing that paragraph 4 of the replies of the several appellants be stricken; (2) in directing that the further reply of appellant George L. Dickerson be stricken; (3) in concluding that the various appellants were in the course of their employment at the time of the accident; (4) in holding that failure of respondent to report to the department of labor and industries hours covered by the transportation of appellants and other employees to and from place of employment, and to make payment to the department covering such hours, was immaterial and did not prevent respondent from interposing the defense that the parties were subject to provisions of the act at the time of the accident, and that appellants could not maintain actions against respondent; and (5) in entering judgment upon the pleadings in the various cases.

While other questions are raised by appellants and will hereinafter be referred to, the principal question presented by this appeal is whether appellants are entitled, under the facts, to maintain actions against respondent for damages for the injuries claimed to have been sustained, or whether their sole remedy is under the workmen's compensation act.

By making a motion for judgment in its favor on the pleadings, respondent admitted not only the truth of the allegations of appellants, but also admitted the untruth of its own allegations which stand denied. *Springer v. Superior Court,* 4 Wn. (2d) 53, 102 P. (2d) 266.

We shall first discuss the principal question raised by assignment of error No. 3, which is whether or not appellants were in the course of their employment at the time of the accident.

Rem. Rev. Stat. (Sup.), § 7675, provides:

"Workman means every person in this state, who is engaged in the employment of any employer coming under this act whether by way of manual labor or otherwise, in the course of his employment: . . ."

Appellants contend they were not in the course of their employment at the time of the accident and the claimed injuries, while respondent contends that they were, and therefore are relegated to the remedy provided by the workmen's compensation act.

The courts of this and most of the other states have had this general question before them many times, and of course presented upon many different states of fact. In many of the cases where it was claimed the injury occurred while the claimant was in the course of his employment away from the plant of the employer and while the employee was not actually engaged in the work which he was hired to perform, no question of transportation was involved.

We have recognized the general rule that a workman injured while going to or from the place of work is not "in the course of his employment." However, we have recognized an exception to this rule, which exception is as well established as the rule itself, and is supported by overwhelming authority. This exception is stated as follows:

"When a workman is so injured while being transported in a vehicle furnished by his employer *as an incident of the employment,* he is within 'the course of his employment,' as contemplated by the act. In other words, *when the vehicle is supplied by the employer for the mutual benefit of himself and the workman to facilitate the progress of the work, the employment begins when the workman enters the vehicle and ends when he leaves it on the termination of his labor.*

"This exception to the rule may arise either as the result of custom or contract, express or implied. It may be im-

plied from the nature and circumstances of the employment and the custom of the employer to furnish transportation." (Italics ours.) *Venho v. Ostrander R. & Timber Co.*, 185 Wash. 138, 52 P. (2d) 1267.

The above rule and exception are cited with approval in *Wood v. Chambers Packing Co.*, 190 Wash. 411, 68 P. (2d) 221, the court holding that under the facts the workman came within the rule and not the exception.

The above rule and exception were recognized in *Thompson v. Department of Labor & Industries*, 10 Wn. (2d) 277, 116 P. (2d) 372. However, the workman was found not to have been in the course of his employment, under the general rule as announced in *Hama Hama Logging Co. v. Department of Labor & Industries*, 157 Wash. 96, 288 Pac. 655.

Under the rule hereinbefore announced as to the consideration to be given pleadings on a motion for judgment on the pleadings, what facts was the trial court justified in finding to have been established in these cases; in other words, what facts are admitted by the pleadings as amended by the stipulations?

Respondent is engaged in the processing of aluminum at its plant located near Vancouver, Washington, and was so engaged at all times herein. The business in which respondent is engaged is extrahazardous, within the meaning of that term as used in our workmen's compensation act. At the time of the accident, appellants were employees of respondent, engaged in extrahazardous work, and were riding in a bus owned and operated by respondent, being transported from points near their homes to respondent's plant. Respondent had difficulty in procuring sufficient employees to operate its plant at maximum capacity, and *as an inducement to secure appellants and other employees, respondent procured and was operating a great many busses in Clark county*, which were available to employees of respondent and to others for the *transportation of workmen to the plant and from the plant to points near their respective homes*. These busses were operated on regular schedules, and no fare was asked or collected from persons

riding on them. While there was no obligation on the part of appellants to use these busses, such transportation was available to them as facilities in addition to others furnished by respondent, and *tended to equalize wages paid by respondent with that paid by other employers, and as a result appellants* and others *accepted and continued employment with respondent. The busses being so operated by respondent, and particularly the bus involved in this action, were being maintained and operated for the use and benefit of the employees as well as the employer.*

It was further admitted that respondent had at all times herein filed due, proper, and timely returns to the industrial insurance division of the department of labor and industries on appellants and each of them; that such reports were made on the basis of the actual hours of work by appellants for respondent, but no return or report was made by respondent for the time consumed by appellants in traveling on the busses to and from work, and no compensation or contribution was made by respondent to the state covering the time appellants were being so transported.

We are clearly of the opinion that, under the admitted facts, the trial court was justified in concluding that appellants came within the exception to the general rule, as stated in the case of *Venho v. Ostrander R. & Timber Co., supra,* and as announced in other cases hereinbefore mentioned, and were in the course of their employment at the time of the accident.

We call attention to the following cases from other jurisdictions, which are in accord with the exception to the general rule as announced in the *Venho* case, *supra.*

*Vaughn v. Standard Surety & Cas. Co.,* 184 S. W. (2d) (Tenn. App.) 556. This case, decided in 1944, is very much in point. In the cited case, as in the instant case, some argument was made that, because the employee did not have to avail himself of the means of transportation provided by the employer, the exception to the rule did not apply. However, in the instant case, as in the cited case, the employee did avail himself of the means of transporta-

tion offered by the employer; and in the instant case the admitted facts, in our opinion, show that appellants were on their way to work while being so transported at the time of the accident.

*Micieli v. Erie R. Co.*, 130 N. J. L. 448, 33 A. (2d) 586. In this case, after stating the general rule and the exception, the opinion continues:

"It is clear that with us the basis for the application of the exceptions to the general rule is not made to rest upon such refinement as to whether the instrumentality of transportation employed is one of a private nature and for the exclusive use of the workman . . . or whether the instrumentality of transportation employed is of a public nature, and for the general use by the public. . . . Rather is the basis for our application of the exceptions to the general rule made to rest upon the conduct, the action of the parties with relation to the transportation of the workman to and from his work. Thus whether that conduct, that action, constitutes the relation of master and servant depends upon the particular facts of each case considered and determined."

We are in accord with the statement last above announced.

*Hunter v. Summerville*, 205 Ark. 463, 169 S. W. (2d) 579.

While the case of *Dunn v. Trego*, 279 Pa. 518, 124 Atl. 174, is, as are most of the cases, factually different in some respects from the instant case, it contains some interesting observations in regard to the construction to be given workmen's compensation acts. See, also, *Jett v. Turner*, 215 Ala. 352, 110 So. 702.

Appellants rely particularly upon the cases of *Wood v. Chambers Packing Co., supra*, and *Thompson v. Department of Labor & Industries, supra*. In the *Wood* case, this court cited with approval the general rule and the exception thereto as stated in the *Venho* case, *supra*, and then held that, under the facts, the employee fell within the general rule and not the exception. The *Wood* case was decided properly on the facts therein presented, but in our opinion the cited case is so factually different from the instant case as not to be controlling. It is true that, in

the *Wood* case, the court commented on the fact that the legislature had made no provision for the collection of premiums covering the extra time consumed in the transportation of the appellant. We stated, however, that the fact that the employer only paid into the accident and medical aid fund "a certain number of cents for each man hour worked by the workmen in his (its) employ, engaged in extrahazardous employment" was not controlling.

It should be kept in mind that the above statement in the *Wood* case was made in support of the general rule, under which it must appear that, at the time of the injury, the employee was engaged in or was furthering his employer's business and was not doing something solely for the employee's own benefit or accommodation. *Hama Hama Logging Co. v. Department of Labor & Industries, supra.*

Neither is the *Thompson* case, *supra,* controlling herein, for reasons therein stated which we found justified a holding that the general rule as announced in the *Hama Hama* case, *supra,* was applicable.

Under assignment of error No. 4 appellants argue that, even though we should hold that appellants were in the course of their employment at the time of the accident, respondent is prevented from interposing such a defense, for the reason that respondent did not report hours during which such workmen were being transported to and from work, and paid no premiums thereon.

Rem. Rev. Stat. (Sup.), § 7676 [P.P.C. § 717-1], in so far as material herein, provides:

"Every employer within the provisions of this act shall on or before the fifteenth day of each month hereafter furnish the Department with a true and accurate payroll and the aggregate number of workmen hours, during which workmen were employed by him during the preceding calendar month, the total amount paid to such workmen during such preceding calendar month, and a segregation of employment in the different classes provided in this act, and shall pay his premium thereon to the accident fund and medical aid fund. The sufficiency of such statement shall be subject to the approval of the Director of Labor and Industries. . . .

"In respect to any injury happening to any of his workmen during the period such employer shall be in default in the payment of any premium, if such default be after demand for payment, or if such employer shall be in default for failure to furnish the department with an estimated payroll and workmen hours or with monthly reports of his payroll and workmen hours as required by this section, the defaulting employer shall not be entitled to the benefits of this act, but shall be liable to suit by the injured workman (or his beneficiaries and dependents), at his or their option, as he would have been on March 14, 1911."

It will be remembered that it was stipulated that respondent had at all times material filed with the department due, proper, and timely returns on appellants and each of them, upon the basis of the actual hours appellants worked for respondent, no report or return having been made by respondent for the time consumed by appellants in traveling on the busses to and from their work.

It should be noted, as stated by respondent, that the first premium rate paid by an employer is based upon an estimate of his payroll and workmen hours for the first calendar month, and such employer is liable for a premium of at least such estimate, and he is required to pay such basic rate until such time as an experience rating in excess of a one, two, three, or four year period may be computed as of a first succeeding September 1st date. Rem. Rev. Stat. (Sup.), § 7676.

It seems to us that, under the admitted facts, respondent has sufficiently complied with the statute to enable it to plead that appellants' sole remedy, if any they have, is under the workmen's compensation act. We are of the opinion that, where an employee engaged in extrahazardous work is injured while being transported to or from his work, in a vehicle operated by the employer for the mutual benefit of the employer and employee, as we have found the facts to be in this case, such employer should not be denied the benefit of the workmen's compensation act because he has failed to report or pay a premium on the hours consumed by such employee while being so transported, if such em-

ployer has otherwise complied with the workmen's compensation act by filing with the department due, proper, and timely returns on such employee, based upon the actual hours worked by such employee.

While we do not find the question now being discussed specifically presented, there is plenty of authority for the rule that an injury is compensable while an employee is on his way to or from his work, even though he is not being paid for such time. See *Cudahy Packing Co. v. Parramore*, 263 U. S. 418, 68 L. Ed. 366, 44 S. Ct. 153, 30 A. L. R. 532; *Vaughn v. Standard Surety & Cas. Co., supra*. It seems to us to logically follow that, if an injury is compensable under the circumstances last above related, the injury would be compensable regardless of the fact that the employer had not made a report on the hours consumed by such employee in being transported to and from his work.

Appellants cite *Long v. Thompson*, 177 Wash. 296, 31 P. (2d) 908, and *Reeder v. Crewes*, 199 Wash. 40, 90 P. (2d) 267. In the *Long* case, defendants admitted they had not furnished the department *any monthly payrolls* and had paid *no premiums* under the provisions of the workmen's compensation act. They then attempted to excuse this total failure to comply with the act. We held that, having failed to comply with the act, they were liable to the action for damages. No question of transportation was involved in the cited case.

The *Reeder* case, *supra*, involved an action for damages against a third party employer. Reeder brought the action against Shell Oil Company and C. G. Crewes. It was alleged in the complaint that Crewes *had not paid any premiums* and *had not made any monthly report on his payroll*, and that Shell Oil Company had failed to furnish the department with *any estimate of its payroll and workmen hours*. A demurrer to the complaint was sustained by the trial court, and the action dismissed. This court reversed the lower court, and the gist of the opinion is stated in the syllabus, as follows:

"One injured while engaged in extrahazardous work has a right to maintain a common law action against one not

his employer, even though engaged in extrahazardous employment, where the wrongdoer was in default in the payroll reports and in payment of premiums required under the act."

In addition to the other factual differences between the two cited cases and the instant case, it appears that, in the cited cases, the employer made no reports and paid no premiums under the act. The cited cases are not in point here.

■ Appellants' assignment of error No. 2 is based upon the action of the court in striking from the reply in the Dickerson case the following:

"As a further reply to defendant's answer, plaintiff alleges that subsequent to the said action said defendant, his agents or representatives, assumed liability for the accident which occurred and agreed to compensate."

We agree with the trial court that, under the theory of the complaint, the matter stricken is immaterial and is not matter which could be properly pleaded in the reply.

We are also of the opinion the court did not err in striking paragraph 4 of the replies. This question is raised under assignment No. 1. The stricken paragraph has heretofore been set out. We have discussed under assignment No. 4 that part of the stricken paragraph which alleges no report was made to the department covering the hours consumed in transporting appellants. As to that part of paragraph 4 which alleges that, prior to this litigation, respondent *did not regard* appellants as being under the workmen's compensation act, we are of the opinion that the question is not how respondent may have regarded the status of the parties, but such relationship must be determined by the laws of this state. We are further of the opinion that respondent did regard appellants as being under the act, for it made the reports and paid the premiums as hereinbefore set out.

In addition, it seems to us that, in view of the fact that we have concluded that transportation was furnished appellants by respondent as an incident of employment, the questions raised by assignments Nos. 1 and 2 become academic. In other words, having concluded that appellants

were in the course of their employment at the time of the accident, and that respondent was not denied the benefit of the workmen's compensation act, the parts stricken from the replies become immaterial to appellants' rights to compensation under the workmen's compensation act.

For the reasons herein assigned, we are of the opinion the judgment of the trial court should be, and it is, hereby affirmed.

BEALS, C. J., STEINERT, and GRADY, JJ., concur.

MILLARD, J. (dissenting)—Our opinions are still in a state of fluxation. There is no stability. This opinion is in conflict with *Thompson v. Department of Labor & Industries,* 10 Wn. (2d) 277, 116 P. (2d) 372, and other opinions of this court on the question presented in the case at bar. Why the tergiversation? The only explanation which I can conceive is the perverseness of human nature.

[1] Reported in 161 P. (2d) 181.