[Nos. 46869, 46871. En Banc. December 18, 1980.]

WESTINGHOUSE ELECTRIC CORPORATION, *Petitioner,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, ET AL, *Respondents.*

N. A. DEGERSTROM, INC., *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent,* LILLIAN M. MONTANEY, *Petitioner.*

*Robert V. Holland* (of *Bogle & Gates*), for petitioner Westinghouse Electric Corp.

*Fredrickson, Maxey, Bell & Stiley, P.S.*, by *Gaither M. Kodis*, for petitioner Montaney.

*Eugene Arron* (of *Walthew, Warner, Keefe, Arron, Costello & Thompson*), for respondent Allen.

*Slade Gorton, Attorney General, Thomas R. Chapman, Assistant*, and *James A. Fish*, for respondents.

DOLLIVER, J.—These cases have not been consolidated, but inasmuch as the central issue in each case is identical, we are disposing of both appeals by this opinion.

The primary issue in both cases is, whether the workers were engaged in an activity within the course of their employment at the time of the accidents. Involved in the determination of this issue is the fact that, although each

worker was driving his own private car, each received compensation or reimbursement from his employer pursuant to the applicable union contract. It is the terms of these different contracts which the Court of Appeals focuses on in affirming the award of benefits in *Westinghouse Elec. Corp. v. Department of Labor & Indus.*, 25 Wn. App. 103, 604 P.2d 1334 (1980), and reversing and dismissing the claim in *N.A. Degerstrom, Inc. v. Department of Labor & Indus.*, 25 Wn. App. 97, 604 P.2d 1337 (1980).

The facts in *Degerstrom* are:

Kenneth Montaney lived in a temporary residence in Spangle, Washington. Montaney was a member of Operating Engineers Local No. 370 and was employed under the terms of a collective bargaining agreement.

The provisions of the agreement relevant to this case are:

> The parties recognize that it is inconvenient to get to the job location because of varying mileages. The employers are accordingly agreeable to pay reimbursed auto expense as an adjustment for out of pocket expense. It is agreed and understood that while traveling to and from work the employees are not within the course and scope of their employment and the relationship of employer–employee does not commence until the applicable hourly wage applies.
> EFFECTIVE JUNE 1, 1972:
>
> | | |
> |---|---|
> | 0–15 Miles | Free |
> | 15–30 Miles | $2.75 |
> | 30–45 Miles | $5.00 |
> | Over 45 Miles | $6.00 |
>
> On jobs falling within a 15–mile radius from the city center of the following cities, NO TRAVEL PAY SHALL BE PAID: *Coeur d'Alene, Walla Walla, Lewiston, Moses Lake, Pasco,* and *Spokane.*

Montaney had been working on road construction near Pullman. He commuted from his temporary residence to the jobsite, a distance of over 60 miles one way. On October 3, 1974, Montaney left the Pullman jobsite to return to Spangle. He stopped en route at a tavern for about an hour and thereafter continued home to Spangle. While traveling on an unfinished roadway (which was a project on which he

had also worked), Montaney was killed when his car hit a parked truck.

On November 1, 1974, Lillian Montaney filed a claim for widow's benefits with the Department of Labor and Industries. The Department denied her claim on the grounds that her husband was not within the course of employment at the time of the accident. The Board of Industrial Insurance Appeals then reversed the Department's order. The trial court affirmed the Board's order. The Court of Appeals reversed the trial court and found that the worker was not within the course of employment at the time of the accident.

The facts in *Westinghouse* are:

G. Lawrence Allyn, now deceased, and his wife Shirley Allyn, lived in Wenatchee, Washington. Allyn was a member of Local 497 of the International Brotherhood of Electrical Workers and was employed under an agreement between that union and Westinghouse. The provisions of the agreement relevant to this case are:

3.14A The employer shall pay for traveling time and furnish transportation from shop to job, job to job, and job to shop except under the following conditions:

. . .

(3) All electrical contractors subject to the Agreement . . . shall compensate workmen the daily travel allowance specified in 3.14B from the nearest temporary headquarters dispatching point to the job. . . .

(4) Workmen employed on jobs of more than thirty (30) man days, located more than seven (7) air miles distance from the City Halls of Wenatchee, . . . shall be paid for the daily travel allowances specified in 3.14B

. . .

3.14B Should the employer request workmen to report directly to a job site in their own transportation and put in full eight (8) hours on the job, workmen shall be compensated the following amounts in addition to their regular wages:

. . .

                                    Per Day Worked
                                        7-1-75

. . .
Jobsites in excess of 50 air miles . . . 15.00 . . .

Allyn had been working for Westinghouse at Grand Coulee Dam. It was his practice to stay in Coulee City throughout the week and return to his home in Wenatchee on weekends. On December 8, 1975, Allyn, who had spent the weekend in Wenatchee, left his home in the early afternoon to return to work, a trip of approximately 100 miles. On his way to work he was involved in a car accident, suffering injuries from which he died on February 22, 1976.

On March 10, 1976, Shirley A. Allyn filed a claim for widow's benefits with the Department of Labor and Industries. The Department denied her claim on the grounds that the worker was not within the course of employment at the time of the accident. The Board of Industrial Insurance Appeals reversed the Department's order. On subsequent appeals by Westinghouse, both the trial court and the Court of Appeals found that Allyn was within the course of his employment at the time of the injury which resulted in his death.

Washington's workers' compensation act provides coverage for those injuries incurred while acting in the course of employment. The act provides:

> The benefits of Title 51 RCW shall be provided to each worker receiving an injury, as defined therein, during the course of his or her employment . . .

RCW 51.32.015.

> "Acting in the course of employment" means the worker acting at his or her employer's direction or in the furtherance of his or her employer's business which shall include time spent going to and from work on the jobsite . . .

RCW 51.08.013.

For benefits to be due, the worker must have been within the course of employment. *Superior Asphalt & Concrete*

*Co. v. Department of Labor & Indus.,* 19 Wn. App. 800, 578 P.2d 59 (1978).

The rule in Washington is that a worker, under ordinary circumstances, is not in the course of employment while going to or from the employer's place of business. *Aloha Lumber Corp. v. Department of Labor & Indus.,* 77 Wn.2d 763, 466 P.2d 151 (1970); *Balise v. Underwood,* 71 Wn.2d 331, 428 P.2d 573 (1967); *Superior Asphalt & Concrete Co. v. Department of Labor & Indus., supra.*

██ However, this court has said that the exception to the rule is that a worker is in the course of employment while going to or from work in a vehicle furnished by the employer as an incident to the employment pursuant to custom or contractual obligation, either express or implied. *Aloha Lumber Corp. v. Department of Labor & Indus., supra; Superior Asphalt & Concrete Co., supra; Pearson v. Aluminum Co. of America,* 23 Wn.2d 403, 161 P.2d 169 (1945). Furthermore, where there is an obligation to furnish transportation, it does not matter whether the employer performs the obligation by supplying its own vehicles or reimbursing employees for the use of their own vehicles. *Aloha Lumber Corp. v. Department of Labor & Indus., supra; Cardillo v. Liberty Mut. Ins. Co.,* 330 U.S. 469, 91 L. Ed. 1028, 67 S. Ct. 801 (1947).

In *Aloha,* at the time the employee was injured in a motor vehicle accident, the pickup truck he was driving, although purchased by the employer/corporation for the benefit of the employee, was titled in the name of the employee. Furthermore, the employee was reimbursed by the corporation for any repairs on the truck and for purchases of gas and oil. The principle expressed in *Aloha* applies in these cases.

The Court of Appeals in *Degerstrom,* however, contends that the reimbursement in the union agreement was "merely a fringe benefit" to the employee and not a provision for the mutual benefit of the employee and employer. We disagree. The trial court found the provision for reim-

bursement of automobile expense

> was a negotiated contractual provision intended for the mutual benefit of the employee and the employer because of the inconvenience of requiring employees to travel varying distances to potentially remote job locations, and was intended as an incentive to employment at locations distant from major cities.

This is a factual question which we find to be supported by substantial evidence and which we will not disturb. *Balise v. Underwood,* 71 Wn.2d 331, 428 P.2d 573 (1967).

Degerstrom had an obligation to reimburse for transportation under the union contract. It was for the mutual benefit of employee and employer and thus travel to and from work was in the course of employment. *Venho v. Ostrander Ry. & Timber Co.,* 185 Wash. 138, 52 P.2d 1267 (1936). An employee is entitled to industrial insurance benefits while injured in the course of employment (RCW 51.32.015), and

> No employer or worker shall exempt himself or herself from the burden or waive the benefits of this title by any contract, agreement, rule or regulation, and any such contract, agreement, rule or regulation shall be pro tanto void.

RCW 51.04.060.

At the time of his injury, Kenneth Montaney was in the course of his employment. The contract provision excluding travel from the course and scope of a worker's employment is "pro tanto void".

As to *Westinghouse,* we concur with the Court of Appeals that the deceased worker was in the course of his employment. There was a contractual obligation to reimburse the employee for travel. In contrast to *Degerstrom,* there was no provision in the Westinghouse contract which attempted to bring compensated travel outside the course of employment. The principles expressed in *Aloha Lumber Corp. v. Department of Labor & Indus.,* 77 Wn.2d 763, 466 P.2d 151 (1970), apply. G. Lawrence Allyn was in the course of his employment at the time of his injury.

*Degerstrom* is reversed; *Westinghouse* is affirmed.

UTTER, C.J., and ROSELLINI, STAFFORD, BRACHTENBACH, HOROWITZ, HICKS, and WILLIAMS, JJ., concur.

Reconsideration denied February 13, 1981.