99 P.3d 1254 (2004)
Jodi MICHAEL, Appellant,
v.
Christian LAPONSEY, Jane Doe Laponsey, and their marital community; and Alaska Industrial Hardware, Inc. d/b/a Cascade Contractors Supply, Respondents.
No. 53572-2-I.
Court of Appeals of Washington, Division 1.
November 1, 2004.
*1255 Andrew Fuller, Attorney at Law, Sea., WA, for Appellant.
Alison Killebrew, Lee Smart Cook Martin & Patterson, Sea., WA, for Respondent.
BECKER, J.
Christian Laponsey caused an accident while driving his own car to work. From evidence that he received a $400 monthly car allowance and was expected to use his car in the performance of his duties as a salesperson, a jury could find that Laponsey was within the scope of employment when the accident occurred. His employer can be held vicariously liable for the accident and should not have been dismissed on summary judgment.
The case arises from an automobile accident on Interstate 405. Christian Laponsey, a employee of Cascade Contractors Supply, was driving his own car about 8 a.m. on April 5, 1999. He was looking down and reaching for something when he drove into the rear of a vehicle occupied by appellant Jodi Michael.
Michael sued both Laponsey and Cascade, Laponsey's employer. Under the doctrine of respondeat superior, an employer may be held liable for employee negligence that injures third persons, if the employee was within the scope of his employment at the time of the occurrence. Breedlove v. Stout, 104 Wash.App. 67, 69, 14 P.3d 897(2001). However, an employee is not, under ordinary circumstances, in the course of employment while going to or coming from his employer's place of business. Aloha Lumber Corp. v. Dept. of Labor & Indus., 77 Wash.2d 763, 766, 466 P.2d 151 (1970). Invoking the going and coming rule, Cascade successfully moved for summary judgment.
Michael appeals. She relies on a well-established exception to the going and coming rule that applies where an employee is going to or coming from work "in a vehicle furnished by his employer as an incident to his employment pursuant to custom or contractual obligation, either express or implied." Aloha Lumber, 77 Wash.2d at 766, 466 P.2d 151; accord, Cardillo v. Liberty Mutual Ins. Co., 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028 (1947). An example of the exception is found in a case where the employer customarily transported workers to and from a logging camp by train. Venho v. Ostrander Ry. and Timber Co., 185 Wash. 138, 52 P.2d 1267 (1936). In Venho, a worker sustained injuries while returning from the camp on the employer's train. The trial court ruled that the injuries occurred within the scope of his employment, and therefore the Worker's Compensation Act supplied his exclusive remedy. This ruling was affirmed on appeal. The court stated, "when the vehicle is supplied by the employer for the mutual benefit of himself and the workman to facilitate the progress of the work, the employment begins when the workman enters the vehicle and ends when he leaves it on the termination of his labor." Venho, 185 Wash. at 140, 52 P.2d 1267.
Cascade was paying Laponsey, who worked in outside sales, a vehicle allowance of $400 per month in addition to his salary. Michael contends the vehicle allowance distinguishes Laponsey from the ordinary commuter and brings the case within the Venho exception for transportation furnished by the employer. Her argument finds support in Westinghouse Electric Corp. v. Dept. of Labor & Indus., 94 Wash.2d 875, 880, 621 P.2d 147 (1980). The employers in that case were obligated by collective bargaining agreements to reimburse the workers for travel expenses. The court held that where there is an obligation to furnish transportation, it does not matter whether the employer supplies the vehicle or reimburses the employees for use of their own vehicles. Westinghouse, 94 Wash.2d at 880, 621 P.2d 147. Because the reimbursement arrangement was for the mutual benefit of the employee and the employer, the accidents that befell the workers *1256 during their commutes occurred within the scope of their employment. Westinghouse, 94 Wash.2d at 881, 621 P.2d 147.
Cascade, in an effort to distinguish Westinghouse and Venho, argues that a vehicle allowance fits within the exception only if the employer is obligated by something as formal as the collective bargaining agreements in Westinghouse. Cascade characterizes the $400 payment as a gratuitous perk or fringe benefit that could have been withdrawn at any time. But Westinghouse does not insist on a formal contract of employment. A custom of providing transportation will have the same effect. Venho; Aloha. Furthermore, Westinghouse decisively rejects the "fringe benefit" argument and holds that reimbursement for travel expenses can be an incident of employment that benefits both employer and employee. Westinghouse, 94 Wash.2d at 880-81, 621 P.2d 147. Here, the record suggests that Cascade decided the vehicle allowance was preferable to providing a company car for on-the-job travel. It is irrelevant in such circumstances that the employee is at-will, or that the employer has the right to discontinue the car allowance at any time; what is significant is that the arrangement benefits the employer as well as the employee, by facilitating the progress of the work.
At all times Laponsey worked for Cascade, the company either supplied him with a company vehicle or provided a car allowance.[1] Cascade gave Laponsey a credit card for buying gas, required him to submit his gas receipts to Cascade's accounting department, and expected that he would sometimes use his car in the performance of his duties as an outside salesperson.[2] Laponsey testified that he used his car to visit job sites, solicit sales and occasionally to make deliveries. These facts would substantially support a factual finding, as in Westinghouse, that the car allowance was for the mutual benefit of both Cascade and Laponsey.
The determination as to scope of employment necessarily depends on the particular circumstances and facts of the case and is ordinarily one for the trier of fact. Kuehn v. White, 24 Wash.App. 274, 600 P.2d 679 (1979). We conclude that the evidence, viewed in the light most favorable to Michael, would support a finding that Laponsey was acting within the scope of his employment when he rear-ended Michael's car.
Reversed.
WE CONCUR: KENNEDY and GROSSE, JJ.
NOTES
[1] Deposition testimony of Laponsey, Clerk's Papers at 67.
[2] Deposition testimony of Cascade manager Dennis Martin, Clerk's Papers at 273, 276-77.