# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| VINCENT SMITH, a single man,<br><br>Appellant,<br><br>v.<br><br>JIMMY DON DECKER, JR. and JANE DOE DECKER, husband and wife and their marital community; ROBERTO RODRIGUEZ and JANE DOE RODRIGUEZ, husband and wife and their marital community; and TRJ CONSTRUCTION, LLC, a Washington limited liability company,<br><br>Defendants,<br><br>JOHN DOE RODRIGUEZ and JANE DOE-2 RODRIGUEZ, husband and wife and their marital community; JIREH ASPHALT AND CONCRETE, INC., a Washington corporation, d/b/a JIREH CONSTRUCTION SERVICES,<br><br>Respondents. | No. 87000-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — The superior court dismissed Vincent Smith's negligence claim against Juan Rodriguez and Jireh Asphalt and Concrete Inc., d/b/a Jireh Construction Services (collectively Jireh), on Jireh's CR 12(c) motion for judgment on the pleadings. Because hypothetical facts consistent with the complaint support Smith's claim for negligence against Jireh, we reverse the order granting Jireh's CR 12(c) motion and denying Smith leave to amend and remand.

I

On review of a CR 12(c) motion, "we presume the truth of the allegations and may consider hypothetical facts not included in the record." Wash. Trucking Ass'ns v. Emp't Sec. Dep't, 188 Wn.2d 198, 207, 393 P.3d 761 (2017).

A

On February 18, 2017, Jimmy Decker, Jr. struck Smith with his truck, severely injuring him. Decker was driving a truck that had TRJ Construction LLC advertising on its tailgate and doors. Smith alleged that Decker worked for Jireh and that Decker paid for the truck in installments by deductions from his paycheck he received from Jireh.

Smith brought negligence claims against Decker, Roberto Rodriguez, TRJ, Jireh, and John Doe Rodriguez,[1] who is the brother-in-law of Roberto.[2] Smith alleged Decker was an employee of TRJ who was acting within the scope of employment and agency when he struck Smith. He alleged in the alternative that if Decker was not an employee or agent of TRJ, he was driving the truck with consent, permission, and knowledge of Roberto and that Roberto knew of Decker's driving habits when he entrusted the truck to Decker.

Jireh moved for summary judgment. It argued it owed no duty of care to Smith because Decker was not an employee at the time and had been terminated weeks before the collision. Smith responded, arguing TRJ and Jireh's actions

---

[1] John Doe Rodriguez would later be identified as Juan Rodriguez, the part-owner of Jireh Asphalt.

[2] Because two parties share the same last name, this opinion refers to the parties by their first names. No disrespect is intended.

were so intertwined that no division of liability was possible and there existed an " 'indivisible injury.' " Smith noted text messages attached in a declaration to Jireh's motion for summary judgment showed Juan texted Decker the day of the accident about work and the day after about needing or having to work the next day. The court denied Jireh's motion.

Jireh moved unsuccessfully for reconsideration. Jireh then unsuccessfully sought discretionary review in this court.

B

Later, Jireh moved for judgment on the pleadings under CR 12(c). Jireh argued the complaint only alleged that Jireh may have hired Decker at some point and that Jireh may have allowed deductions from Decker's paychecks to pay for the truck.

Smith responded that Jireh's motion must be converted to a motion for summary judgment because Smith introduced "by this reference the evidence already in the record in response to this motion." Smith also moved for amendment of the pleadings under CR 15(b) and attached a copy of an amended complaint. Smith argued the claims "already have been extensively litigated by the evidence in the form of declarations and deposition transcripts" introduced into the court record.

The court granted Jireh's CR 12(c) motion for judgment on the pleadings, and Smith moved unsuccessfully for reconsideration.

Smith appeals.[3]

## II

## A

We review dismissal under CR 12(c) de novo.  P.E. Sys., LLC v. CPI Corp., 176 Wn.2d 198, 203, 289 P.3d 638 (2012).  A CR 12(c) motion is treated exactly the same as a CR 12(b)(6) motion for failure to state a claim.  Id.  The purpose is to determine if a plaintiff can prove any set of facts that would justify relief.  Id.  "[D]ismissal is appropriate only when it appears beyond doubt that the claimant can prove no set of facts, consistent with the complaint, which would justify recovery."  San Juan County v. No New Gas Tax, 160 Wn.2d 141, 164, 157 P.3d 831 (2007).  "Such motions should be granted 'sparingly and with care,' and only in the unusual case in which the plaintiff's allegations show on the face of the complaint an insuperable bar to relief."  Id. (quoting Tenore v. AT&T Wireless Servs., 136 Wn.2d 322, 330, 962 P.2d 104 (1998)).

Here, there is a hypothetical scenario, consistent with the complaint, which would establish Jireh's vicarious liability.  Smith alleged Decker worked for Jireh at the time of the accident, that Decker was paying for the truck that struck Smith with deductions from his earnings from Jireh, and that Jireh may have employed Decker.  "Under the doctrine of respondeat superior, an employer may be held liable for employee negligence that injures third persons, if the employee was within the scope of his employment at the time of the occurrence."  Michael v.

---

[3] The court's order denying reconsideration became a final judgment under RAP 2.2(d) when Smith obtained judgments against Roberto, TRJ, and Decker.

Laponsey, 123 Wn. App. 873, 874, 99 P.3d 1254 (2004).  It is hypothetically possible that Decker was driving the truck within the course and scope of employment with Jireh such that Jireh would be vicariously liable for Decker striking Smith with the truck.

This hypothetical scenario is lent credence by the evidence produced during summary judgment motions practice, namely answers to interrogatories, copies of text messages, and declarations showing that Decker texted Jireh about a mechanical issue with a work trailer the day of the accident and Jireh discussed work with Decker in the days before and after the accident.  The superior court had already ruled that there was a genuine issue of material fact about whether Decker was employed by Jireh, and this court had denied discretionary review of that ruling.  The superior court erred in granting Jireh's CR 12(c) motion.

B

Alternately, the superior court erred in denying leave to amend.

We review a court's denial of leave to amend for abuse of discretion.  Caruso v. Loc. Union No. 690 of Int'l Bhd. of Teamsters, 100 Wn.2d 343, 351, 670 P.2d 240 (1983).  The purpose of the pleadings is not to erect formal, burdensome impediments to the litigation process but to help facilitate a proper decision on the merits.  Id. at 349.  "Undue delay on the part of the movant in proposing the amendment constitutes grounds to deny a motion to amend only 'where such delay works undue hardship or prejudice upon the opposing party.' "  Id. (quoting Appliance Buyers Credit Corp. v. Upton, 65 Wn.2d 793, 800, 399 P.2d 587 (1965)).

"The touchstone for denial of an amendment is the prejudice such amendment would cause the nonmoving party." Id. at 350.

Jireh showed no prejudice resulting from amendment. Jireh had notice that Smith was seeking to establish vicarious liability and had already litigated the issue through dispositive motions. Smith's amendment was not futile where the court had already ruled that there was a genuine issue of material fact on Jireh's vicarious liability.

Reversed and remanded.

_____<br>Birk, J.

WE CONCUR:

_____    _____
Chung, J.    Smith, J.